## M. E. LIVINGSTON v. ELLIS COUNTY.

Decided May 3, 1902.

**Constitutional Law—Killing Diseased Animals—Compensation.**

The statute providing that animals diseased with glanders or farcy shall be condemned and killed by the county authorities is a regulation to prevent the spread of dangerous disease, and not for the taking of private property for public use, and is not violative of the article of the State Constitution prohibiting such taking without adequate compensation made, although the commissioners court may determine that the owner of the animal is not entitled to any compensation. Const., art. 1, sec. 17; Rev. Stats., arts. 4931-4933; Acts 1899, p. 303.

Appeal from the County Court of Ellis. Tried below before Hon. J. E. Lancaster.

*Whipple & Gill,* for appellant.

*Love, Gammon & Wimbish,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—In June, 1900, appellant was the owner of seven head of horses. An affidavit alleging that glanders or farcy existed among these horses was presented to the county judge of Ellis County. Upon said affidavit being filed, the county judge appointed three disinterested citizens of said county to examine said stock. The citizens appointed to examine said animals made their report to the county judge that said animals had the glanders or farcy, and appraised their value at $192.50. The county judge ordered the animals killed, and they were killed and buried by the constable in pursuance of such order. Appellant presented to the Commissioners Court her claim for damages for the value of said stock in the sum of $192.50, which the said court refused to allow or pay. Appellant thereupon instituted suit in the Justice Court upon said claim, and after judgment an appeal was taken to the County Court. Appellant filed a plea in the County Court substantially setting up the facts, to which the defendants presented a general demurrer. The court sustained the demurrer, and the appellant having refused to amend, the case was dismissed and an appeal taken to this court.

*Opinion.*—By this appeal the constitutionality of articles 4931, 4932, 4933, and of article 4934, as amended in 1899, is presented for our determination. By article 3, section 1, of the Constitution of Texas it is provided, that "the legislative power of this State shall be vested in the senate and house of representatives which together shall constitute 'The Legislature of the State of Texas.'" The Legislature of the State of Texas can enact any law not prohibited by the Constitution of the State or of the United States. When an act of the Legislature is attacked as being unconstitutional by a party, he must point out the par-

ticular provision of the Constitution which prohibits the legislation. The appellant recognizes this requirement, and contends that these several articles are in violation of article 1, section 17, of the Constitution, which provides, in substance, that no person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person. The several articles of the Revised Statutes which are challenged as being unconstitutional were passed to prevent the spread of glanders or farcy among horses and other live stock in this State. The original act was passed and took effect April 12, 1892. Gen. Laws 22d Leg., First Called Sess., p. 11. By article 4931 it is made the duty of the county judge, when it shall come to his knowledge that glanders or farcy exists among any horses, mules, jacks, or jennets in said county, to immediately appoint three disinterested and intelligent citizens of said county whose duty it shall be to carefully and minutely examine said animal or animals. It further provides that said citizens shall take an oath that they will discharge their duties as provided by that act. Article 4932 provides, in substance, that said citizens shall make a report to the county judge, and if they be of the opinion that said animal or animals are diseased with glanders or farcy, they shall condemn the same and appraise such animals. Article 4933 provides, in substance, that upon receiving said report the county judge shall issue an order to the sheriff or constable commanding him to seize said animal or animals and kill them and bury or burn the carcass. Article 4934, as originally adopted, made it the duty of the county clerk, upon the written order of the county judge, to issue a warrant payable out of the general revenue of the county in favor of the owner of said animal or animals so killed for the amount of the value as diseased, if the animal has any value as appraised by the citizens who examine and condemn the same. This court held that the appraisement by the three appraisers was conclusive as to the value of the animals killed, and the owner was entitled to a warrant therefor. Maynard v. Freeman, 1 Texas Ct. Rep., 463. This court further held that the statute as originally passed was constitutional. Chambers v. Gilbert, 17 Texas Civ. App., 106. In 1899, article 4934 was amended so as to read as follows: "After said animal or animals are killed, as provided in article 4933, the party owning such animals or animals so killed may present his claim to the commissioners court of the county where said animal or animals were killed, for the value of such animal or animals at the time the same were killed (if such animal or animals had any value), and the amount of such claim, or so much thereof as may be allowed by said court, shall be paid out of the general revenue of the county, as other claims against such county. The sheriff or constable killing, burying, or burning said animal or animals shall be paid by the county such sum as the commissioners court thereof may determine the service worth." Gen. Laws 1899, p. 303.

By this amendment the commissioners court is given power to deter-

mine whether said diseased animals had any value, and if so, to determine their value and make provision for the payment thereof. The Commissioners Court of Ellis County did pass upon plaintiff's claim and refused to make any allowance in her favor for the value of the animals killed. We must presume that said court was of the opinion that said animals, at the time they were killed, had no value. No contention is made that the provisions of the above law were not carried out by the county in the killing of the animals.

Do the provisions of these several articles of the statute amount to a taking of property for public use? If so, then there is force in appellant's contention that they are in violation of article 1, section 17, of the Constitution of this State. There is an obligation upon every property owner to so use his own as not to interfere with the general welfare of the community in which he lives. The enforcement of this duty pertains to the police power of the State so far as the exercise of that power affects private property. Whatever restraints the Legislature imposes upon the use and enjoyment of property within the reason and principle of this duty the owner must submit to, and for any inconvenience or loss which he sustains thereby he is without remedy. The enforcement of this duty is a regulation and the exercise of the police power of the State. Article 1, section 17 of the State Constitution has reference to the exercise of the right of eminent domain. It has reference to the taking and appropriation of property for public use. It has no application to the regulation and restriction of the use and enjoyment of property by its owner for the public welfare, but refers to the taking of property from the owner and its appropriation to some particular use for the public welfare. The articles under consideration provide a wholesome regulation to prevent the spread of a dangerous disease. It is such a regulation as the State has the right under its police powers to make, and is not prohibited by article 1, section 17, of the State Constitution. In support of these views, see Chambers v. Gilbert, 17 Texas Civ. App., 106, 42 S. W. Rep., 630; Maynard v. Freeman, 1 Texas Ct. Rep., 463; State v. Brownson, 94 Texas, 436; Keller v. Corpus Christi, 50 Texas, 629; Cooley Const. Lim., 6 ed., p. 705; Lewis on Em. Dom., 2 ed., secs. 6, 156.

The judgment of the trial court is affirmed.

*Affirmed.*