The judgment is reversed, and the cause remanded.

HARPER, J. I agree to reversal of case, but do not concur in the disposition of some of the questions.

[1] I think the facts sufficient to authorize a finding that appellant was an accomplice, if Joe Gerard was guilty of murder. Deceased had not received any money from his mother's estate, but only from his grandmother's estate.

[2] The testimony as to what appellant did and said at the jail when he visited it was admissible, in the light of appellant's testimony.

[3, 4] The letter written by Mr. Stewart for deceased to his father would be admissible, if it is shown that appellant received it, and I am inclined to think the evidence sufficiently shows that fact.

[5] While we do not think the evidence at all conclusive that deceased was stealing from his father the night he was killed, or burglarizing the premises, yet the confession of Joe, introduced in evidence by the state, raised that issue, and if the facts on another trial show, as they do on this trial, that Joe pursued, and deceased brought on the difficulty, that phase should be presented. I do not care to discuss the record further, only to say that in the statement of the case appellant's contention of the facts is stated, and the state's theory almost entirely ignored, and if it is stated, as contended for by the state, we think it would be demonstrated that the evidence would fully support a verdict of guilt.

PRENDERGAST, P. J. I am not now satisfied fully as to what disposition should be made of this case, but for the present am inclined to think it should be reversed.

Since writing the above, I add: I do not concur in all Judge DAVIDSON has written, but do agree with what Judge HARPER has written. I reluctantly agree to a reversal.

RILEY v. COLEMAN COUNTY et al.
(No. 5546.)

(Court of Civil Appeals of Texas. Austin. Dec. 15, 1915. On motion for Rehearing, Jan. 12, 1916.)

1. ANIMALS ☞32—DESTRUCTION OF DISEASED ANIMALS.

A county is not liable for either the willful or negligent act of its officers, unless such liability is created by statute expressly or by necessary implication, so that an allegation that the county judge unlawfully ordered the killing of plaintiff's mules and horse without alleging that he did so under Rev. St. arts. 7161–7164, authorizing the killing of diseased animals stated no cause of action against the county.

[Ed. Note.—For other cases, see Animals, Cent. Dig. § 82; Dec. Dig. ☞32.]

2. ANIMALS ☞32—DESTRUCTION OF DISEASED ANIMALS.

Defendant killing plaintiff's mules and horse on an order of the judge of the county court, who believed they were affected with glanders, was not liable to plaintiff in damages, where it was not shown that proceedings prescribed by Rev. St. arts. 7161–7164, were not had, or that defendant was not a sheriff, deputy, etc., of the county.

[Ed. Note.—For other cases, see Animals, Cent. Dig. § 82; Dec. Dig. ☞32.]

3. EVIDENCE ☞83—PRESUMPTION—PERFORMANCE OF OFFICIAL DUTY.

In the absence of allegation and proof to the contrary officers are presumed to do their duty.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. ☞83.]

Appeal from Coleman County Court; I. J Rice, Special Judge.

Action by D. L. Riley against Coleman County and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Woodward & Baker, of Coleman, for appellant. Critz & Woodward and Snodgrass, Dibrell & Snodgrass, all of Coleman, for appellees.

JENKINS, J. This suit was instituted by appellant against Coleman county and J. A. (Buck) Stobaugh, to recover the value of two mules and a horse, killed by said Stobaugh. Appellant alleged that "on the 4th day of March, 1914, he was in possession and the owner of two mules of the value of $250 each, and one horse of the value of $125; and that on said date F. M. Bowen, county judge of said county, acting for said county, ordered the defendant Buck Stobaugh to seize said animals and kill them, and in pursuance of said order, the said defendant Buck Stobaugh did kill said animals, to the plaintiff's damage in the sum of $625. That at the time said animals were so killed by said Stobaugh, the said county, through its county judge, believed that said animals were affected with the disease commonly known as glanders, when in truth and in fact said animals did not have the glanders, and said killing of said animals by said Stobaugh and under the instructions of said county judge was unlawful, and by reason of said unlawful act in the killing of said animals, this plaintiff has been damaged in the sum of $625, the same being the reasonable and fair market value of said animals at said time.

"That after the killing of said animals aforesaid, the plaintiff herein presented his claim to the commissioners' court of Coleman county, Texas (said animals having been killed in Cole-

man county, Texas), for their value at the time and before they were killed, and said commissioners' court of Coleman county rejected said claim and refused to pay plaintiff's said claim, to plaintiff's damage in the sum of $625."

The trial court sustained a general demurrer to appellant's petition, and he having declined to amend, excepted to the ruling of the court.

Articles 7161, 7162, 7163, and 7164, Revised Statutes, provide for the killing of horses and mules affected with glanders or farcy, under the conditions named in said articles; and also for the payment of the value of such animals, if any, when claim for same has been presented to and allowed by the commissioners' court. This procedure has been held to be constitutional as a proper exercise of the police powers of the state. Chambers v. Gilbert, 17 Tex. Civ. App. 106, 42 S. W. 630; writ of error refused 93 Tex. 726; Maynard v. Freeman, 60 S. W. 334; Livingston v. Ellis County, 36 Tex. Civ. App. 19, 68 S. W. 723. However, no issue as to the constitutionality of such proceeding is properly presented in this case, in as much as it is not alleged that the county proceeded under the statute.

[1] The allegation is simply that the county judge unlawfully ordered Stobaugh to kill said animals. A county is not liable for either the willful or negligent acts of its officers, unless such liability is created by the statute, expressly or by necessary implication. Galveston v. Posnainsky, 62 Tex. 125–127, 50 Am. Rep. 517; Heigel v. Wichita County, 84 Tex. 393, 19 S. W. 562, 31 Am. St. Rep. 63; Railway Co. v. Moore, 98 Tex. 302, 83 S. W. 362, 4 Ann. Cas. 770. For which reason the court did not err in sustaining the demurrer, in so far as same relates to Coleman county.

[2, 3] As to Stobaugh, the petition alleges that he acted in the premises under the order from the county judge of Coleman county, and that at the time the animals were killed "the said county, through its county judge, believed that said animals were affected with the disease commonly known as glanders." If the order issued by the county judge was in accordance with the proceedings prescribed by the statute, it was his duty to issue said order to the sheriff, deputy sheriff, or some constable of Coleman county, and if Stobaugh was such officer it was his duty to obey such order, and in such event he would not be personally liable for the value of the animals killed. The appellant having alleged that such order was issued by the county judge and was obeyed by Stobaugh, in order to fix liability upon Stobaugh, we think it was incumbent upon appellant to allege, either that the proceedings prescribed by stat-

ute had not been had, or that Stobaugh was not a sheriff, deputy sheriff, or constable of Coleman county. In the absence of such allegation it is to be presumed that the county judge acted lawfully in such matter, and that it was the duty of Stobaugh to obey such order. In the absence of allegation and proof to the contrary, officers are presumed to do their duty. For the reason that the petition having specifically alleged such order by the proper official, it should have gone further and negatived the lawfulness of the order and its execution. Having failed to do so, the demurrer was properly sustained as to Stobaugh.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

On Motion for Rehearing.

Appellant complains that as to the case against Coleman county we presumed that the county judge acted without authority, and that as to Stobaugh that he complied with the statute. It is not necessary to indulge any presumption in order to sustain our decision herein, further than that which the law presumes in favor of every man in the absence of any charge that he has done a wrongful act.

As to the county, it is not liable for any act of its county judge, unless made so by statute. In order to show liability it was incumbent on appellant to allege the facts which would make it liable under the statute.

As to Stobaugh, it is alleged that he killed appellant's animals under an order of the county judge, who was laboring under the erroneous belief that such animals had the glanders. Was such action on the part of Stobaugh lawful? We don't know, and the trial court could not know, without being informed whether or not the facts existed which authorized the county judge to issue such order. It was necessary for appellant to allege that these facts did not exist, in order to state a case against Stobaugh.

It is evident that if appellant had stated facts which made a case against the county, he would have shown that he had no case against Stobaugh; and, on the other hand, if he had alleged facts constituting a case against Stobaugh, he would have negatived his cause of action against the county.

The county judge either did or did not proceed under the statute. If he did, his acts were the acts of the county, and his order protected Stobaugh; if he did not, the county is not responsible for his acts and his order would not protect Stobaugh. The appellant should have pleaded the facts upon which he relies.

Motion overruled.