STOCKWELL v. STATE, by DAVIS, Commissioner of Agriculture. (No. 7534.)

(Court of Civil Appeals of Texas. Galveston. March 29, 1918. Rehearing Denied April 18, 1918.)

1. AGRICULTURE ⟷1—SEARCHES AND SEIZURES ⟷7—POLICE POWER—UNREASONABLE SEIZURE OF PERSONAL PROPERTY.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4459, making it unlawful to keep a citrus plant infected with disease, and authorizing destruction thereof by commissioner of agriculture or his representative, is within the police power of that state, and cannot be held to authorize an unreasonable seizure of private property contrary to Constitution.

2. CONSTITUTIONAL LAW ⟷320—DUE PROCESS OF LAW—TAKING PRIVATE PROPERTY.

Although the method provided by Vernon's Sayles' Ann. Civ. St. 1914, art. 4459, for destruction of citrus plants infected with diseases, does not have all the elements of judicial trial, it is not in violation of Constitution as to taking private property without due process of law.

3. CONSTITUTIONAL LAW ⟷251—PUBLIC WELFARE.

Constitution, as to taking property without due process of law, has a different meaning when applied to controversies between citizens than it has when property is taken or destroyed by the government for public use or public welfare.

4. CONSTITUTIONAL LAW ⟷251—POLICE POWER.

When the Legislature, in the exercise of police power of state, interferes with the use and enjoyment of private property, all that is necessary to make the interference valid is that it be justified by established rules applicable to the special case.

5. CONSTITUTIONAL LAW ⟷81—POLICE POWER.

Every one's rights to the use and enjoyment of property is limited, in an organized society, by consideration of public welfare and safety, and the Legislature, in exercise of police power of the state, can enforce such limitation by any reasonable method appropriate to its accomplishment, and the citizen must submit.

6. EMINENT DOMAIN ⟷2(1)—CONSTITUTION—TAKING PRIVATE PROPERTY FOR PUBLIC USE.

The contention that Vernon's Sayles' Ann. Civ. St. 1914, art. 4459, as to destruction of citrus plant infected with disease, is in violation of constitutional inhibition against taking private property for public use without compensation, cannot be sustained, since such constitutional provision applies only where the state takes private property under powers of eminent domain, and is not a limitation upon the police power of the state.

7. CONSTITUTIONAL LAW ⟷316—CONSTITUTIONAL RIGHT OF APPEAL.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4459, as to destruction of citrus plant infected with disease being an appropriate exercise of police power, it was competent to provide that decision of commissioner of agriculture as to existence of disease should be final, the constitution not requiring that a right to appeal be given.

Appeal from District Court, Brazoria County; Sam'l J. Styles, Judge.

Suit by the state, by Fred W. Davis, Commissioner of Agriculture, against W. R. Stockwell. Judgment for plaintiff, and defendant appeals. Affirmed.

A. R. Rucks and Elmer P. Stockwell, both of Angleton, for appellant. Munson & Williams, of Angleton, W. A. Keeling, of Austin, and Wm. Burkhardt, of Angleton, for appellee.

PLEASANTS, C. J. This suit was brought by the state of Texas, acting by and through Fred W. Davis, commissioner of agriculture of the state of Texas, in his official capacity, against W. R. Stockwell, to have a certain Citrus trifoliata hedge on block 13, in Graham's addition to Alvin, belonging to defendant, declared and adjudged a nuisance and ordered abated; and also for a writ of injunction restraining and prohibiting defendant, his agents and attorneys, and all other persons who may claim to be interested in said land and premises and hedge, from in any manner interfering with or opposing plaintiff, his deputies, agents, assistants, servants, and employés, in the destruction of said hedge, and that said injunction be and remain in all things perpetual. Judgment was rendered overruling defendant's plea in abatement, general and special demurrers, and sustaining plaintiff's demurrers and exceptions to defendant's answer, and granting the injunction prayed for by plaintiff.

Plaintiff's petition alleges, in substance,

that there is situate and growing upon premises owned by defendant and described as block 13 of Graham's addition to Alvin, Tex., a Citrus trifoliata hedge, and various Citrus trifoliata trees, all of which are badly infected with citrus canker. The remaining allegations are:

"That said disease is most contagious and destructive to the life and value of citrus fruit trees, such as lemons, grape-fruit, and oranges, is capable of being distributed and communicated to other trees and orchards, and such trees will then become infected therewith, and be ultimately ruined, destroyed, and lost, and of no value whatever to the owners thereof; that said disease is highly infectious, and is capable of being, and often is, carried about from an infected tree, and communicated to other citrus trees and orchards a great distance therefrom, by birds, animals, the wind, and by other causes, so as to cause the infection thereof, and the death, destruction, and loss of all such trees and orchards; that under the laws of the state of Texas it is the sworn duty of said Fred W. Davis, in his said official capacity, aided and assisted by his deputies, employés, servants, and assistants, to kill and destroy all such trees found to be afflicted and infected with citrus canker, and thereby suppress, destroy, and eradicate said disease, so as to protect and save the clean and unafflicted and uninfected trees, orchards, and hedges of the state of Texas, and thus protect and build up a great and valuable industry in those sections of the state where citrus fruit trees will grow and fruit, to the advantage and profit of the owners thereof and to the state at large.

· "Now the plaintiff would represent that, in obedience to said law and in pursuance of his duty thereunder, this said Fred W. Davis, as aforesaid, caused the said hedge in and upon said land and premises, as well as all other such trees and plants' in said community and in Brazoria county, to be fully and carefully inspected by his said deputies and assistants, who were and are learned in the art and science of citrus canker and other diseases of citrus fruit trees, and were and are fully capable of making a proper inspection thereof; and on inspection, on or about May 13, 1916, found the said hedge on said land and premises 'to be, and the same is now, badly infected with said citrus canker as aforesaid; and after giving all due and legal notice of the infected and diseased condition of said hedge and trees to said defendant, W. R. Stockwell, and in the manner and as required by the laws of this state, and notifying and demanding such defendant to cut down, kill, and destroy said trifoliata hedge, as required by law, and thus give protection to the other trees and orchards of citrus fruits growing in the neighborhood thereof, from which decision of said inspectors said W. R. Stockwell duly appealed to Fred W. Davis, commissioner of agriculture for the state of Texas, as provided by law; and said appeal was duly heard by said commissioner of agriculture at Alvin, in Brazoria county, Tex., on the 21st day of October, A. D. 1916, at which hearing all parties at interest appeared in person and by attorneys, and fully presented said cause to said commissioner, whereupon said commissioner took said cause under advisement, and on the 23d day of November, 1916, rendered his judgment, sustaining the judgment of his inspectors, and ordering said hedge destroyed; that, in pursuance of said judgment and order, R. W. Holbert, deputy inspector of the state department of agriculture, acting under authority and by instructions of the commissioner of agriculture, did on the 12th day of December, 1916, call upon said W. R. Stockwell, and demanded of him that he dig up, burn, and destroy said hedge; that thereupon said W. R. Stockwell refused to comply with said order of

the said inspector R. W. Holbert, and the said R. W. Holbert then notified said W. R. Stockwell that he would, as inspector, acting under the authority of law, proceed to dig up, burn, and destroy said hedge, whereupon said W. R. Stockwell forbid said inspector, R. W. Holbert, to enter upon said premises and destroy said hedge, stating to said Holbert that he would not allow him to enter upon said premises and destroy said hedge; and by the acts of said defendant, the said Stockwell, the said Fred W. Davis is prevented from carrying out his duty, as required by law, in the destruction of said hedge.

"Plaintiff further shows unto the court that said hedge is of no value to defendant, and will in a few years be destroyed as a result of the disease, and in its infected and diseased condition is a nuisance to the community, is a cause and source of infection of citrus fruit trees and orchards in said community, and within a radius of several miles thereof, and that the absolute and complete destruction by being cut down, dug up, and burned, all such contaminated, infected, and diseased hedge, is the only way to eradicate, suppress, and destroy said dangerous disease, so as to save and preserve other citrus trees and other orchards therefrom.

"Plaintiff further shows unto the court that there are many other valuable citrus fruit trees and citrus fruit orchards belonging to other and various citizens of the Alvin neighborhood, which are contiguous to and in danger of and capable of being infected and afflicted with said citrus canker, and become diseased therewith, and rendered wholly valueless by infection from said hedge on said premises as aforesaid, and said trees and orchards are now daily becoming so infected and diseased and rendered valueless, and unless said defendants, their agents, employés, and attorneys, are restrained in their violent acts toward, in, and upon plaintiff's said deputies, assistants, servants, and employés, so that they may be permitted to so destroy said hedge, all of said clean, undiseased, uninfected, and healthy citrus fruit trees and orchards as aforesaid will soon be and become infected and diseased with said citrus canker, communicated from said hedge, and rendered valueless, to the great and irreparable injury and loss of many citizens of said Alvin county and Brazoria county, as well as the state at large, and cause great loss to said citizens, county, and state.

"Plaintiff further shows that the state of Texas, nor its agents, deputies, assistants, or employés, nor the citizens of said community, county, or state of Texas, have an adequate remedy at law.

"Wherefore plaintiff prays that said hedge as aforesaid be declared and adjudicated a nuisance and ordered abated; that your honor issue your most gracious writ of injunction, restraining and prohibiting the said defendants, and each of them, their agents and attorneys, and all other persons who may claim to be interested in said land and premises and hedge, from in any manner interfering with or opposing plaintiff, his deputies, agents, assistants, servants, or employés, in the destruction of said hedge as aforesaid, and that said injunction be and remain in all things perpetual. Plaintiff further prays for all such other general and special relief to which he may be entitled, either at law or in equity, for all costs of suit, and for same will he ever pray."

Attached to the petition is an affidavit of Fred W. Davis to the effect that the facts therein stated are true.

The defendant answered by plea in abatement, general demurrers, and special exceptions, and special denials of many of the allegations of fact contained in plaintiff's petition, but admitted that the hedge in ques-

tion was infected with citrus canker. This admission was qualified, however, by statements that only some of the plants in the hedge were so infected, and by averments that the destruction of the entire hedge was unnecessary. The answer further admits that the hedge was inspected by a deputy inspector of the state department of agriculture, who condemned it, and notified appellant to dig it up and burn it; that appellant appealed from that decision of the inspector to Fred W. Davis, commissioner of agriculture, and upon a hearing of the appeal the commissioner sustained the findings of the inspector, and ordered the hedge destroyed; but it is averred in the answer that the hearing was informal and illegal, because defendant was denied a right of trial by jury, and because the commissioner took the position of an opposing party, employed counsel to represent him, and was thereby "wholly disqualified to give a fair and impartial judgment and decree upon any issue presented to him," and that no facts were determined by the commissioner on said hearing in the written order or decree made by him.

The plea in abatement filed by the defendant is as follows:

"That plaintiff has instituted this suit against the defendant, and alleges that the hedge and trees growing upon defendant's land and premises are infected with citrus canker and purple scale, and that such diseases are infectious and communicable to other citrus trees in the vicinity of the defendant's land, and that by reason thereof said hedge and trees constitute a nuisance, and the plaintiff prays that said hedge be declared and adjudicated a nuisance and ordered abated; that the plaintiff has invoked the jurisdiction of this court upon the issue as to whether or not said hedge constitutes a nuisance; that until such issues are determined by a proper trial, and adjudicated in the district court of Brazoria county, Tex., and until said hedge is adjudicated a nuisance and ordered abated by the decree of said court invoked by the plaintiff herein, defendant is well within his right to deny the plaintiff and its commissioner, Fred W. Davis, his agents and inspectors, from going upon defendant's premises and destroying said hedge and trees."

Under appropriate assignments of error, appellant assails the judgment of the trial court on the grounds that the statute under which the commissioner acted in ordering the destruction of appellant's hedge is unconstitutional and void in that it violates the provisions of the Constitution against an "unreasonable seizure," against the taking of private property "without due process of law," and against the taking of private property "without compensation." These objections are also urged against the acts of the commissioner and his inspector in condemning appellant's property and ordering its destruction.

The provisions of the statute in question, which is article 4459, Vernon's Sayles' Texas Civil Statutes, declares it unlawful for any person in this state to keep any citrus stock, plants, trees, or shrubs infected with injurious insect pests, or "contagious diseases of citrus fruit"; and that every such tree, plant, or shrub "shall be a public nuisance, and as such it shall be the duty of the commissioner of agriculture, or his representatives, to abate it." It is further declared in this statute that the owner of any. such trees, plants or shrubs shall not be entitled to damages for their destruction if done in accordance with the provisions of the act. The article then provides as follows:

"But the owner of the trees, shrubs, or plants shall be notified immediately upon its being determined that such trees, shrubs or plants should be destroyed, by a notice in writing signed by the commissioner, or the person or persons representing him; which said notice in writing shall be delivered in person to the owner of such trees, shrubs or plants, or left at the usual place of residence of such owner, or, if such owner be not a resident of the locality, to notify by leaving such notice with .the person in charge of the premises, trees, shrubs or plants, or in whose possession they may be. Such notice shall contain a brief statement of the facts found to exist, whereby it is necessary to destroy such trees, shrubs or plants, and shall call attention to the law under which it is proposed to destroy them, and the owner shall, within ten days from the date upon which such notice shall have been received, remove and burn all such diseased or infected trees, shrubs or plants. If, however, in the judgment of said commissioner, or person representing him, any tree, shrub ·or plant infected with any disease, or infested with dangerously injurious insects, can be treated with sufficient remedies, he may direct such treatment to be carried out by the owner under the direction of the commissioner, agent, employé, or representatives. In case of objections to the findings of the chief inspector, employés or representatives of the commissioner, an appeal may be made to the commissioner, whose decision shall be final. An appeal must be taken within five days from service of said notice, and shall act as a stay of proceedings until it is heard and decided. When the commissioner, or chief inspector. or employer or representative appointed by him, shall determine that any tree or trees, shrub or other plants must be treated or destroyed forthwith, he may employ all necessary assistance for that purpose; and such representative or representatives, agent or agents, employé or employés, may enter upon any or all premises necessary for the purpose of such treatment, removal or destruction. But such commissioner, or the person representing him, shall, before such treatment or destruction, first require the owner or person in charge of the trees, shrubs or plants, to treat or destroy same, as the case may be; and, upon the refusal or neglect upon the part of said owner or person in charge to so treat or destroy such trees, plants or shrubs, then such commissioner, chief inspector, or person or persons representing him, shall treat or destroy such trees, shrubs or plants; and all charges and expenses thereof shall be paid by such owner or person in charge of said trees, shrubs or plants, and shall constitute a legal claim against such owner or person in charge, which may be recovered in any. court having jurisdiction, upon the suit of such commissioner, or chief inspector, or the county attorney of the county where the premises are situated, together with all costs, including an attorney fee of ten dollars, to be taxed as other costs."

[1] We do not think this statute is obnoxious to any of the provisions of the Constitution invoked by appellant. The authority of the Legislature in the exercise of the po-

lice power of the state for the protection of public health, safety, and morals, and the security of the great body of the citizens in the safe enjoyment of their property rights, to make unlawful the doing of any act by the individual citizen which will endanger the public welfare, cannot be doubted; and the provisions of the act in question which makes it unlawful for any person in this state to keep a citrus plant infected with any injurious and contagious disease, and authorizes the destruction of such plant by the proper officers, after determination in the method provided in the statute that it is so infected, cannot be held to authorize an unreasonable seizure of private property. The seizure and destruction by the state of individual orchards or trees for the necessary protection of the fruit-growing industry of the state is no more an unreasonable seizure of private property, in the purview of our Constitution, than is the seizure and destruction of diseased animals for the protection of the stock industry, nor the exercise of the police power in destroying private property to prevent the spread of a conflagration, or of a contagious human disease. The right of the state to seize and destroy private property for any of these purposes has been uniformly recognized and upheld by the courts.

[2] We think it also clear that the method provided by the statute for determining the necessity for the destruction of the plants refutes appellant's contention that the statute authorizes the taking of private property without due process of law.

[3, 4] The provision of the Constitution which prohibits the Legislature from depriving any citizen of his property except by due course of the law of the land has a different meaning, when applied to controversies between citizens, to that given it when property is taken or destroyed by the government for public use, or the public welfare; and when the Legislature, in the exercise of its police powers, interferes with the use and enjoyment of private property, we have only to see that the interference is justified by established rules applicable to the special case. Cooley's Constitutional Limitations, § 435. It would be a strained construction of our Constitution to hold that the exercise of police power by the state cannot be valid without a judicial trial for ascertaining in each case the necessity of the authorized action. The method provided in this statute for the condemnation and destruction of diseased plants does not have the elements of a judicial trial, but the proceedings are appropriate and adapted to the nature of the case and must be held valid.

[5] Every one's right to the use and enjoyment of property is necessarily limited in organized society by considerations of public welfare and safety, and the Legislature, in the exercise of police power of the state, can enforce this limitation by any reasonable method appropriate to its accomplishment, and the citizen must submit. To hold otherwise would deny society the right to protect itself by lawful means. Dent v. West Virginia, 129 U. S. 114, 9 Sup. Ct. 231, 32 L. Ed. 623; Chambers County Judge v. Gilbert, 17 Tex. Civ. App. 106, 42 S. W. 630; Livingston v. Ellis County, 30 Tex. Civ. App. 19, 68 S. W. 723; City of New Orleans v. Charouleau, 121 La. 890, 46 South. 911, 18 L. R. A. (N. S.) 368, 126 Am. St. Rep. 332, 15 Ann. Cas. 46.

[6] The contention that the destruction of appellant's property, under the provisions of this statute, is a violation of the constitutional inhibition against the taking of private property for public use without compensation to the owner, is one that seems to us has much force; but it has been decided by our courts that this provision of the Constitution only applies to the taking of property by the state under its powers of eminent domain, and is not a limitation upon the police power. Ry. Co. v. City of Dallas, 98 Tex. 396, 84 S. W. 648, 70 L. R. A. 850; Livingston v. Ellis County, 30 Tex. Civ. App. 19, 68 S. W. 723.

[7] Having reached the conclusion that the statute is not invalid upon any of the grounds above discussed, it follows that it was competent for the Legislature to provide in the statute that the decision of the commissioner should be final. If appeal was allowed to the courts from the decision of the commissioner, the delay incident to regular judicial proceedings, with the right of a jury trial upon the facts, would in many cases render the statute impotent for the purposes for which it was enacted. Any remedy for the prevention of the spread of infectious disease among animals or plants, to be efficacious, must be prompt; and the Legislature, having provided a constitutional method and tribunal for determining the fact of the existence of the disease, was not required, by any provision of the Constitution, to give a right of appeal from the decision of such tribunal.

We think the court correctly held that the decision of the commissioner was final, and properly sustained exceptions to appellant's answer attacking that decision upon the grounds of informality or irregularity. These conclusions make it unnecessary to discuss the remaining assignments of error presented in appellant's brief.

We are of opinion that the judgment should be affirmed, and it has been so ordered.

Affirmed.