SERRES et al. v. HAMMOND, Sheriff, et. al.
(No. 480.)

(Court of Civil Appeals of Texas. Beaumont.
May 29, 1919. On Motion for Rehearing,
July 7, 1919.)

1. ANIMALS ⬤═29—CREATION OF LIVE STOCK
BOARD—STATUTE—VALIDITY.

Rev. St. 1911, art. 7312 et seq. (creating
live stock sanitary board), as amended by Acts
35th Leg. (Reg. Sess.) c. 60, and Acts 35th Leg.
(1st Called Sess.) c. 12 (Vernon's Ann. Civ. St.
Supp. 1918, art. 7314 et seq.), is constitutional.

On Motion for Rehearing.

2. CONSTITUTIONAL LAW ⬤═62—TICK ERADI-
CATION — DELEGATION OF POWER — LIVE
STOCK SANITARY COMMISSION.

Acts 35th Leg. c. 60, § 19 (Vernon's Ann.
Civ. St. Supp. 1918, art. 7314n), as to dipping
of cattle to eradicate fever ticks, is not subject
to the objection that it attempts to delegate and
confer upon the live stock sanitary commission
legislative authority and discretion.

3. CONSTITUTIONAL LAW ⬤═278(1)—EMINENT
DOMAIN ⬤═2(2)—DUE PROCESS—COMPENSA-
TION—TICK ERADICATION.

Acts 35th Leg. c. 60, § 19 (Vernon's Ann.
Civ. St. Supp. 1918, art. 7314n), as to dipping
of cattle to eradicate fever ticks, is not subject
to objection that it attempts to vest in the
sheriff, acting under direction of the live stock
sanitary commission, authority to enter upon
plaintiff's premises and seize and mistreat plain-
tiff's cattle without due process of law and with-
out compensation for, or protection against, in-
juries likely to result in such seizure and treat-
ment.

Appeal from District Court, Harris Coun-
ty; J. D. Harvey, Judge.

Suit by H. Serres and others against M.
F. Hammond and others. From an order
dissolving temporary injunction, plaintiffs
appeal. Affirmed.

Love & Fouts, of Houston, for appellants.
R. W. Franklin, E. T. Branch, Fred R.
Switzer, and H. H. Cooper, all of Houston,
for appellees.

WALKER, J. The appellants filed their
suit praying for injunction to enjoin appel-
lees from going on the premises of appellants
and dipping appellants' cattle, and praying
further relief. The trial court granted a
temporary injunction, and upon motion of
appellees the trial court set aside the order
granting the temporary injunction and dis-
solved the same, and from this order the
appellants appealed, and upon making the
bond required the order dissolving the in-
junction was suspended pending appeal, and
the matter is here properly on appeal from
the order dissolving the injunction.

This appeal involves the validity of the
statute creating the live stock sanitary com-

mission (article 7312 et seq. R. S. 1911, and
as amended by the regular session of the
35th Legislature, c. 60, p. 107, and the First
Called Session of the 35th Legislature, c. 12,
p. 14 [Vernon's Ann. Civ. St. Supp. 1918, art.
7314 et seq.]), and this is the only ques-
tion involved in this appeal.

Before the filing of this suit an election
had been held pursuant to section 7 of the
Act of 1917, c. 60, p. 111 (article 7314e), in
Harris county, and such election had result-
ed in favor of "tick eradication in Harris
county, Texas," and pursuant to the election
the live stock sanitary commission of Texas
started the work of tick eradication in the
said county, and the various owners of said
cattle dipped and treated several thousand
head. The appellants failed and refused to
dip said cattle, and upon notice given to them
by the said commission and its agent on
May 29, 1918, to comply with said notice,
appellee M. F. Hammond, sheriff, pursuant to
section 19 of the act of 1917 (article 7314n),
was about to dip the appellants' cattle when
stopped by this suit.

[1] The constitutionality of this law has
been before our courts before, and it has
been fully sustained in Brazeale v. Strength,
County Judge, 196 S. W. 247; Mulkey v. State
(Cr. App.) 201 S. W. 991. We fully approve
the conclusions reached in this case.

The action of the court in dissolving this
injunction is in all things affirmed.

On Motion for Rehearing.

[2, 3] At a previous day of this term this
case was affirmed, on authority of Brazeale
v. Strength, County Judge, 196 S. W. 247,
and Mulkey v. State, 201 S. W. 191. Appel-
lants, though requested by this court so to
do, failed to brief this case on original sub-
mission. However, they have filed a motion
for rehearing, and insist that section 19, c.
60, Acts of the 35th Legislature (Vernon's
Ann. Civ. St. Supp. 1918, art. 7314n), passed
at its regular session, under which appel-
lees were asserting their authority to dip ap-
pellants' cattle, is unconstitutional for the
following reasons:

(1) Because "it attempts to delegate and con-
fer upon the live stock sanitary commission of
the state of Texas legislative authority and dis-
cretion, in violation of the provisions of the
Constitution of Texas."

(2) Because "it attempts to confer upon the
live stock sanitary commission the power and
authority to determine and direct under what
circumstances, in what manner, and at what
time appellants' cattle might be dipped or treat-
ed to keep the same free from ticks, and to de-
termine the manner and method of such treat-
ment, thereby vesting in the executive branch
of the government legislative power and discre-
tion, in violation of the Constitution of this
state."

(3) Because "it attempts to vest in the sheriff
of Harris county, acting under the direction of

the live stock sanitary commission of Texas, the authority to enter upon appellants' premises and seize, treat, injure, and mistreat appellants' cattle, without due process of law, and without compensation for or protection against any injuries likely to result in such seizure and treatment of appellants' said property, in violation of appellants' rights of property as guaranteed to him by the provisions of the Constitution of the state of Texas and the United States."

(4) Because the same attempts "to confer upon the sheriff of Harris county, Tex., the authority and discretion to seize appellants' property and subject the same to such treatment as the live stock sanitary commission or its inspectors may determine or direct, without any hearing or judicial determination of appellants' rights in the premises, thereby authorizing the taking of appellants' said property without due process of law and without due course of the law of the land, contrary to the Constitution of the state of Texas and the United States."

Under the foregoing assignments, appellants advance the following propositions:

(a) "It would be contrary to the provisions of section 9, art. 1, of the Texas Constitution, for a sheriff or constable, with no other authority than the order or instruction of the live stock sanitary commission, its agents or inspectors, who, for the purpose of eradicating fever-carrying ticks, enters the premises of any person and against the owner's wishes seizes and takes by force cattle or other live stock."

(b) "It is elementary that the directions or instructions of the live stock sanitary commission of Texas, its agents or inspectors, to the sheriff or constable would be insufficient to authorize them to enter the premises of any person, or to seize and dip the cattle or other live stock against the wishes of the owner. Before the sheriff would be authorized to enter the premises of any person and seize by force his cattle or other live stock and dip them for the purpose of tick eradication, he must be authorized to do so by proper warrant or writ issued by a court of competent jurisdiction."

(c) "This section attempts to authorize the sheriff or constable to enter premises and seize live stock without any affidavit being made at all, without the premises to be searched being described at all, without the property that is to be seized being described at all. It is evident that such a law must fail and be without force."

(d) "For a sheriff or constable to seize and dip cattle or other live stock, against the wishes of the owner, for the purpose of eradicating fever-carrying ticks, with no other authority than the orders or instructions of the live stock sanitary commission, its agents or inspectors, would be a taking of property without due process of law."

Section 19 (article 7314n) is as follows:

"If any person, firm, or corporation owning, controlling or caring for any domestic animal or animals located in any territory quarantined by the provisions of this act, or by order of the live stock sanitary commission of Texas, shall fail or refuse to dip or treat such domestic animal or animals in such manner, and at such time as directed by the live stock sanitary commission, then the live stock sanitary commis-

sion, or the chairman thereof, or any inspector acting under the authority of said commission or chairman thereof, shall have the power to call upon the sheriff, deputy sheriff or any constable of the county in which such live stock are found, and it shall be the duty of said sheriff, deputy sheriff, or constable, together with the said inspector, to seize and dip or otherwise treat such domestic animal or animals in a manner and at such times as the sanitary commission shall direct. The sheriff, deputy sheriff, or constable performing such service as above set out shall receive such compensation as is provided in article 7320, Revised Civil Statutes, and similar compensation shall be paid for any person who may have to assist him in performing such services, and the said fees, with all cost of dipping and treating the said live stock, shall constitute a lien against such animal or animals, and shall be collectable by civil suit."

This case was decided in the lower court on the pleadings. No proof was offered. In addition to pleading the unconstitutionality of section 19, appellants pleaded that the live stock sanitary commission and its agents and inspectors had ordered appellants to dip their cattle in poisonous chemical ingredients which would injure the cattle; that appellants would be forced to drive their cattle about five miles to the dipping vats, and that this would take time, and that driving the cattle to and from the vats would injure them, especially the milch cows; that the cattle, by inhaling and absorbing and otherwise taking into their systems the poisonous chemicals, would be greatly injured; that appellants' cattle are in sound, healthy condition, and are being properly cared for by appellants; and that said cattle have no infectious, malignant, contagious, or communicable diseases, and the possession and use of said property by appellants, such as they now have and intend to maintain, causes and constitutes no menace to the public safety, and there exists no other conditions justifying the seizure, conversion, injury, or destruction of plaintiffs' said cattle, as threatened by the defendant.

This petition was originally filed against M. F. Hammond as sheriff of Harris county. By permission of the court the live stock sanitary commission intervened and answered plaintiffs' petition. After pleading that the question of tick eradication was submitted to the qualified voters of Harris county, and that it was approved, and that the result of the election was duly certified to the proper authorities, and acting under authority of said election Harris county was duly quarantined, and that Harris county, in co-operation with the live stock sanitary commission, built a large number of vats and dipping points in Harris county for the purpose of dipping cattle, horses, and mules, as provided by law, and that inspectors had been provided—in short, after pleading that all of the requirements of the law necessary to put into force and effect section 19 had

been fully complied with, the said commission further answered as follows:

" * * * And prepared said vats so that when the same were filled with the solution the said animals so required to be dipped could be easily and safely, and without injury to said animals, dipped therein and said ticks removed therefrom, as they are required by law so to do, and that more than 100,000 head of cattle in said Harris county, Tex., has been dipped and treated by said treatments without injury or loss or damage to any, either, or all of said cattle. * * * And your intervener respectfully shows to the court that it has dipped and caused to be dipped and directed the dipping and treating of a large number of domestic animals of the class specified in said act in the neighborhood of where the plaintiffs in this cause live, and has requested and directed the plaintiffs to so dip their said domestic animals, consisting of cattle, horses, mules, and asses, and that said plaintiffs have failed and refused so to do; that plaintiffs' said animals constitute an agency for the transmission of the Texas fever, an infectious and contagious disease, and constitute a menace and serious danger to all other cattle in said vicinity and in said Harris county, Tex.; and that notwithstanding the duties of the plaintiffs herein to so dip and treat said cattle when requested so to do by said live stock sanitary commission, they and each of them have wholly failed and refused so to do. * * * Intervener respectfully shows to the court that the treating of said cattle would and could have been done without injury to said cattle and would have been of great benefit to them, and would have resulted in no loss or injury whatever thereto, and that the failure to so dip said cattle and so treat the said cattle would result in irreparable loss and injury to Harris county and cattle owners therein, in that it will permit said cattle to transmit and be an agency for the transmission of the said Texas fever through the ticks from the said cattle to those that are free therefrom by reason of the treatment received theretofore by them."

In Castleman v. Rainey, 211 S. W. 630, the Court of Civil Appeals at Dallas, in an opinion published since we handed down our decision in this case, has sustained the constitutionality of section 19 of this act against attacks similar to the ones made in this case. In Castleman v. Rainey, the injunctions was sustained in part because the testimony showed that the cattle were being injured by the dip, and because it was not shown that plaintiff's cattle were infected with disease. The contrary appears from the pleadings in this case. It appears from intervener's answer that the dip was not injurious; that something like 100,000 head of cattle had been dipped; and it further appears that appellants' cattle were a standing menace to the other cattle in Harris county. Hence, under the authority of Castleman v. Rainey, the trial court was fully justified in dissolving the temporary injunction.

We cannot agree with appellants that this act amounts to a delegation of legislative authority to and upon the live stock sanitary commission and the sheriff of Harris county. It seems to us that the authority granted the live stock sanitary commission in this act, especially in section 19, is a necessary detail of administration, and not in any sense legislative. The different questions raised in ths appeal, as stated above, have been decided adversely to appellants in Livingston v. Ellis County, 30 Tex. Civ. App. 19, 68 S. W. 723; Crossman v. City of Galveston, 204 S. W. 128; Stockwell v. State, 203 S. W. 109; Riley v. Coleman County, 181 S. W. 743; Chambers v. Gilbert, 17 Tex. Civ. App. 106, 42 S. W. 630; Maynard v. Freeman, 60 S. W. 334; Railway Co. v. City of Dallas, 98 Tex. 396, 84 S. W. 648, 70 L. R. A. 850; Castleman v. Rainey, supra, and authorities cited in our original opinion.

Without entering into a detailed discussion of the assignments and propositions advanced by appellants in their motion for rehearing, we overrule the same on the authority of the above-cited cases.

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes