

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

August 2, 1971

Honorable Wallace E. Dingus
County Attorney
Coleman County Courthouse
Coleman, Texas 76834

Opinion No. M-916

Re: Constitutionality of House
Bill 1089, Acts 62nd Leg.,
R.S. 1971, requiring certain
county officials to report
and pay to the county certain
monies received by them from
the operation of a private
business on public property.

Dear Mr. Dingus:

You have requested our opinion on the constitutionality
of House Bill 1089, Acts 62nd Legislature, R.S. 1971. Sections
1 and 2 of House Bill 1089 provide:

"Section 1. No county official, his agents,
servants, deputies, or employees shall operate a
private business on public property unless he
shall:

"(a)  keep an accurate and detailed record
of all monies received and disbursed by him; and

"(b)  file with the county auditor, or the
auditing authority of the county, a report cover-
ing all of said receipts and disbursements during
the immediately preceding calendar year on or
before January 1 of each year; and

"(c)  make available to the county auditor all
records of said receipts and disbursements,

"provided however that this Act shall not
apply to compensation received by justices of the
peace and official court reporters for performance
of an act not required by law of such official.

"Sec. 2.  Any and all monies received and re-
quired to be reported under Section 1 of this Act
together with any interest thereon which has been

-4465-

paid by any financial institution as a result of
the deposit of said funds over and above any dis-
bursements required to be reported under Section
1 of this Act shall be delivered to the county
treasurer at the time of filing said report or
at such other regular intervals throughout the year
as may be prescribed by the county auditor or
auditing authority of the county, provided, how-
ever, that this section shall not be applicable
to any person, firm or corporation operating or
doing business under or by virtue of any written
contract with the county."

Sections 3 and 4 provide the method for enforcing the provisions
of the Act.

In construing the provisions of Section 3 of Article I
of the Constitution of Texas and the Fourteenth Amendment to the
Constitution of the United States, it was held in Rucker v. State,
342 S.W.2d 325, 327 (Tex.Crim. 1961):

". . . As these provisions have been con-
strued by the highest courts of this state as well
as by the Supreme Court of the United States, a
state law is not repugnant to either constitutional
provision so long as unequal treatment of persons
is based upon a reasonable and substantial classi-
fication of persons. Unequal treatment of persons
under a state law which is founded upon unreason-
able and unsubstantial classification constitutes
discriminatory state action and violates both the
state and federal constitutions." (Citing numerous
authorities).

The Court concluded:

"There appears no reasonable and substantial
classification of persons which justifies the
imposition of a $25 fine upon peddlers, salesmen,
and solicitors and a $200 fine upon all other
persons for the same act."

We believe the same principle is applicable to the pro-
visions of House Bill 1089. There appears no reasonable or sub-
stantial classification of persons which justifies requiring certain

county officials to report and pay to the county monies received by them in the operation of a private business on public property and not require other officials to do likewise.

It is therefore our opinion that the provisions of House Bill 1089 violate the provisions of Article I, Section 3 of the Constitution of Texas and the Fourteenth Amendment to the Constitution of the United States.

Section 17 of Article I of the Constitution of Texas provides:

"Sec. 17. No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities, shall be made; but all privileges and franchises granted by the Legislature, or created under its authority shall be subject to the control thereof."

Section 19 of Article I of the Constitution of Texas provides:

"Sec. 19. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

Section 17 of Article I of the Constitution of Texas has reference to the exercise of the right of emminent domain, while Section 19 of Article I constitutes a limitation on the exercise of the police power by the State. Livingston v. Ellis County, 68 S.W. 723 (Tex.Civ.App. 1902, no writ); State v. Richards, 157 Tex. 166, 301 S.W.2d 597 (1957); State v. City of Austin, 160 Tex. 348, 331 S.W.2d 737 (1960).

The test that should be used in determining whether a statute is an arbitrary or unreasonable exercise of police power is stated in Houston & T.C. Ry. Co. v. City of Dallas, 98 Tex. 396, 84 S.W. 648 (1905), as follows:

"The power is not an arbitrary one, but has its limitations. It is commensurate with but

does not exceed the duty to provide for the real
needs of the people in their health, safety, com-
fort, and convenience as consistently as may be
with private property rights. As those needs
are extensive, various, and indefinite, the power
to deal with them is likewise broad, indefinite,
and impracticable of precise definition or limita-
tion. But as the citizen cannot be deprived of
his property without due process of law, and as
a privation by force of the police power fulfills
this requirement only when the power is exercised
for the purpose of accomplishing, and in a manner
appropriate to the accomplishment of, the purposes
for which it exists, it may often become necessary
for courts, having proper regard to the consti-
tutional safeguard referred to in favor of the
citizen, to inquire as to the existence of the
facts upon which a given exercise of the power
rests, and into the manner of its exercise, and
if there has been an invasion of property rights
under the guise of this power, without justifying
occasion, or in an unreasonable, arbitrary, and
oppressive way, to give to the injured party that
protection which the Constitution secures."

Applying the foregoing principles to the provisions of
House Bill 1089, it is our opinion that its provisions are not
the proper exercise of the police power of the State. In the
exercise of the police power of the State, the Legislature of
course could prohibit the use of public buildings by private
businesses and prohibit the conduct of private business in
public offices. In exercising such power, however, the Legis-
lature must treat every private business alike and not arbitrarily
apply such provisions to only a few unless there is a reasonable
basis for the classification. In the instant case it does not
prohibit the use of public buildings by private businesses.
See Tarrant County v. Rattikin Title Co., 199 S.W.2d 269 (Tex.
Civ.App. 1947), recognizing the authority of the commissioners
court to furnish space in the courthouse to an abstract company
in which to conduct its business. It demands forfeiture of
monies without adjudication and does not treat all public officials
or private businesses alike.

It is therefore our opinion that the provisions of House
Bill 1089, Acts 62nd Legislature, R.S. 1971, are unconstitutional,
being in violation of Sections 3 and 19 of Article I of the Consti-
tution of Texas and the Fourteenth Amendment to the United States
Constitution.

## S U M M A R Y

House Bill 1089, Acts 62nd Leg., R.S. 1971, requiring certain county officials to report and pay to the county certain monies received by them from the operation of a private business on public property, is unconstitutional, being in violation of Sections 3 and 19 of Article I of the Constitution of Texas and the Fourteenth Amendment to the United States Constitution.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
J. C. Davis
Larry Craddock
Jim Broadhurst
Roland Allen

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant